IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD KIRBY,

       Plaintiff,

v.                                                                 No. CIV 08-0659 JH/LFG

WARDEN ROBERT EZELL, et al.,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint identifies a number of defendants and asserts three claims for denial of access to the courts. Also, by order entered August 1, 2008, the allegations in Plaintiff's Exigent Request For Relief From Retaliation (Doc. 5) have been added as a claim of retaliation against Grievance Officer Brown. The factual basis of the first claim is that Defendants Ezell and McReynolds prohibited Plaintiff from using equipment for listening to trial transcripts, in violation of Corrections Department policy. For his second claim, Plaintiff alleges that, during his appeal to the Court of Appeals for the Fifth Circuit in a coram nobis proceeding, Defendants Garner, Ezell, Doe, Heavington, and Williams caused him to be transferred, in violation of rule 23(a) of the Fed. R. App. P. And third, Defendant Horton refused to allow Plaintiff to take his legal files to a court hearing. For his retaliation claim, Plaintiff alleges that Grievance Officer Brown caused him to be placed in segregation because of his litigation activities. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claim based on his transfers in violation of Fed. R. App. P. 23(a), which restricts transfers of a prisoner who has a pending appeal of a habeas corpus ruling. Plaintiff alleges that he was transferred several times while his appeal of a coram nobis proceeding was pending in the Court of Appeals for the Fifth Circuit. " 'The rule was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending.' Accordingly, courts have held that transfers made in violation of the rule do not divest the reviewing court of its jurisdiction." *Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982) (internal citations omitted). The transfers that Plaintiff complains of were made between institutions in New Mexico while his appeal was pending in the Fifth Circuit. Plaintiff therefore was not removed from the territorial jurisdiction where his coram nobis/habeas proceeding was pending, *see Hammer v. Meachum*, 691 F.2d 958, 960-61 (10th Cir. 1982), and his allegations indicate that the

2

transfers did not deny him access to the courts, *see id.*  The Court will dismiss this claim.

Plaintiff's motion to compel (Doc. 11) will be denied.  In the motion Plaintiff asks the Court to order Torrance County Detention Facility to submit his inmate financial information and a payment toward the filing fee.  The facility is not a party to this action, and the Court has no authority to grant the relief sought.  The Court encourages the administrator of inmate accounts to comply with the applicable federal statute, which states "the agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk."  18 U.S.C. § 1915(a)(2) (emphasis added).

IT IS THEREFORE ORDERED that Plaintiff's motion to compel (Doc. 11) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Claim II for denial of access to the courts resulting from transfers is DISMISSED with prejudice; and Defendants Janecka, Garner, Williams, Heavington, and Doe are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to add to the caption as Defendants Major Horton and Grievance Officer Brown; and to issue notice and waiver forms, with copies of the complaint, for Defendants Ezell and Brown at Torrance County Detention Center, Defendant McReynolds at Corrections Department Central Office, and Defendant Horton at Lea County Correctional Facility.

_____
UNITED STATES DISTRICT JUDGE