IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD KIRBY,

      Plaintiff,

v.                                             No. CV 08-0659 JH/LFG

WARDEN ROBERT EZELL, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion To Reconsider Doc # 14 Order (Doc. 15) filed on November 24, 2008. In his motion Plaintiff asks the Court to set aside its dismissal of Count II of the complaint and to reinstate the claim. He also contends that the Court failed to address Count III of the complaint. The motion was filed within ten days after the order was entered, and is therefore construed under both rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *See Jennings v. Rivers*, 394 F.3d 850, 855 and n.4 (10th Cir. 2005). "A Rule 59(e) motion to alter or amend the judgment should be granted only ' "to correct manifest errors of law or to present newly discovered evidence." ' " *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992), and *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Relief under rule 60(b) is available on grounds of, e.g., "mistake, inadvertence, or excusable neglect--the reasons permitted under Rule 60(b)(1)." *Santistevan v. Colorado School Of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (citing *Jennings*, 394 F.3d at 855).

As noted in the November 13 order, Plaintiff asserts that certain Defendants caused him to be transferred, in violation of rule 23(a) of the Federal Rules of Appellate Procedure. The Court dismissed this claim, invoking the reasoning in *Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir.

1982).  The transfers were not prohibited under the rule, *see Hammer*, 691 F.2d at 960-61, and Plaintiff's allegations indicate that the transfers did not deny him access to the courts, *see id.*  The motion's allegations fail to present a manifest error of law, and the Court will not alter the November 13 order.

Plaintiff's motion also asserts that the Court did not address Count III of the complaint.  To the contrary, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) the Court considered all of Plaintiff's claims, dismissing Count II and directing service on Defendants for the remaining claims.

IT IS THEREFORE ORDERED that Plaintiff's Motion To Reconsider Doc # 14 Order (Doc. 15) filed on November 24, 2008, is DENIED.

_____
UNITED STATES DISTRICT JUDGE