## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICHARD KIRBY,

       Plaintiff,

   v.                                    No. CIV 08-659 JCH/LFG

ROBERT EZELL, et al.,

       Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 61], filed September 22, 2009, and on Plaintiff Richard Kirby ("Kirby")'s Objections [Doc. 66] to the Analysis and Recommended Disposition.  The Court conducted a *de novo* review of those portions of the Magistrate Judge's Analysis to which Kirby objects.

Kirby asserts that a certain June 6, 2008 email message to Defendant Robert Ezell ("Ezell"), to which Kirby referred in his Second Motion for Extension of Time to File Martinez Report [Doc. 53, at 4] raises an issue of fact and "changes the whole nature and resolution of this case . . . ." [Doc. 66, at 2].  Kirby says that, in this email, Deputy Counsel Roger Robertson ("Robertson") directed Ezell to deny Kirby certain CDs and to "use the zip code for justification," and further to make Kirby go through the court process to get them.  Kirby asks that the Court permit him to amend his Complaint to name Robertson and the New Mexico Corrections Department as defendants, to add new claims against them, to add further defendants, and to permit him to conduct discovery.  The Court denies this request.  "In this circuit, theories raised for the first time in objections to the

magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001).

In addition, Kirby does not state a valid claim against Robertson. As discussed in the Magistrate Judge's Analysis, if prison officials denied CDs sent to Kirby in violation of reasonable prison regulations, that does not constitute a violation of his constitutional rights. And if an attorney so advised prison officials, he was correct in doing so. If Kirby wishes to receive legal mail from a court, there is nothing wrong with prison officials standing by their rules and insisting that Kirby, along with all other inmates, apply directly to a court for copies of transcripts, and that the copies be in a format that can be used on the equipment available in the facility. Kirby's insistence that he be given special privileges and be treated differently from other inmates does not give rise to a constitutional right.

Further, the Court agrees with the Magistrate Judge that Kirby has not made a sufficient showing, in his Objections or in other documents filed earlier in this case, that he suffered an injury from the actions of Defendants with respect to his access to the courts.

The Court agrees with the Magistrate Judge's findings that Kirby failed to exhaust his prison remedies with respect to his claims against Defendant Major Horton ("Horton"). Kirby makes new assertions in his Objections regarding Horton's alleged personal involvement in preventing Kirby from bringing his legal files to a state court hearing. Aside from the fact that no grievance was submitted on this issue, the Court will not consider new allegations raised for the first time in objections to the Magistrate Judge's recommended disposition. Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996). Furthermore, the matter was addressed and resolved by the state court and Horton's actions did not prevent Kirby's access to the courts.

In sum, there is nothing in Kirby's Objections that would lead the Court to reject the Magistrate Judge's Analysis and Recommended Disposition.

### Order

IT IS THEREFORE ORDERED that the Analysis and Recommended Disposition of the United States Magistrate Judge is adopted by the Court.

IT IS FURTHER ORDERED that the Complaint is dismissed and this action is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT